THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DWAYNE CURTIS *et al.*, Defendants-Appellants.

First District (4th Division)   No. 1—86—2619

Opinion filed December 13, 1990.

Michael J. Pelletier and Barbara Kamm, both of State Appellate Defender's Office, of Chicago, for appellant Rickey Jennings.

Randolph N. Stone, Public Defender, of Chicago (James Perlman, Assistant Public Defender, of counsel), for appellant Dwayne Curtis.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and Joseph G. Laspisa, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

This cause is before us on remand from the Illinois Supreme Court. Defendants filed petitions in our supreme court for leave to appeal this court's decision in *People v. Curtis* (1989), 190 Ill. App. 3d 207, or, alternatively, for issuance of a supervisory order. Our supreme court denied defendants' petitions. Subsequently, defendants

petitioned the supreme court for leave to file motions for reconsideration, which were allowed in part. Defendants' motions for reconsideration were allowed and the supreme court's orders, which denied the petitions for leave to appeal, were vacated and thereafter leave was allowed.

The supreme court remanded the cause for our further consideration in light of *People v. Andrews* (1989), 132 Ill. 2d 451. In *Andrews*, the central issue was whether the defendant's conduct during the commission of the attempted murder and aggravated battery was exceptionally brutal or heinous so as to be indicative of wanton cruelty and justify imposition of an extended-term sentence. *Andrews*, 132 Ill. 2d at 463.

The circumstances of the crimes in the present case are fully set forth in *Curtis* (190 Ill. App. 3d 207), and we will include herein only those facts that may be necessary for a full understanding of the issue raised.

Defendants were convicted, by a jury, on charges of attempted murder, armed violence, three counts of aggravated battery, and conspiracy to commit murder. The circuit court sentenced defendants to 50-year extended terms for attempted murder, 50-year extended terms for armed violence, 10-year extended terms for aggravated battery, and 7-year terms for conspiracy to commit murder.

On appeal, we affirmed defendants' 50-year extended-term sentences for attempted murder and their 7-year sentences for conspiracy to commit murder, vacated the convictions and extended-term sentences for armed violence, and vacated the 10-year extended-term sentences for aggravated battery and modified these sentences to 5 years. (*People v. Curtis* (1989), 190 Ill. App. 3d 207, 217.) The issue before us now is whether the circumstances surrounding the attempted murder support the circuit court's imposition of 50-year extended-term sentences.

We reverse and remand.

In *People v. La Pointe* (1981), 88 Ill. 2d 482, the court used an abuse of discretion standard of review in determining whether a sentence was appropriate based on the circumstances of each case. This standard was also used in *People v. Andrews* (1989), 132 Ill. 2d 451, 464, to determine whether the trial court properly found defendant eligible for an extended-term sentence under section 5—5—3.2(b)(2) of the Unified Code of Corrections (the Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(2)). The language of section 5—5—3.2(b)(2) of the Code, which allows imposition of an extended-term sentence, and section 5—8—1(a)(1)(b) of the Code, interpreted by the *La Pointe*

court, is identical. (*Andrews*, 132 Ill. 2d at 465.) The *La Pointe* court found that section 5—8—1(a)(1)(b) of the Code, which permits the imposition of a natural life imprisonment sentence where conduct is "accompanied by exceptionally brutal or heinous behavior, indicative of wanton cruelty," does not limit the imposition of a sentence of natural life imprisonment to only those offenses involving torture or the infliction of unnecessary pain. *La Pointe*, 88 Ill. 2d at 501.

■ In *People v. Evans* (1981), 87 Ill. 2d 77, 88-89, our supreme court found that the intent of the statutory language of section 5—8—2 of the Code, which allows extended-term sentencing, was not to convert every offense into an offense that would be subject to an extended-term sentence. The court reasoned that the trial judge must examine a defendant's prior history of violent crimes, defendant's attitude and any expression of remorsefulness before exercising its discretion in sentencing a defendant to an extended-term sentence. (*People v. Andrews* (1989), 132 Ill. 2d 451, 466.) In *Andrews*, the court reversed and remanded the case to the circuit court for resentencing because there was no indication in the record that defendant had a history of committing violent crimes or a callous attitude and total lack of remorse following the offense.

■ In the present case, we agreed with the trial court that both defendants exhibited conduct that was exceptionally brutal or heinous and indicative of wanton cruelty. Our decision was based on defendants' illogical and premeditated decision to shoot a police officer. However, there were no findings of prior histories of violent crimes or callous attitudes and lack of remorse after the offense was committed. Furthermore, there was no indication that defendants intended the shooting to be fatal.

Accordingly, we reverse that part of the circuit court's order sentencing defendants to an extended term of 50 years' imprisonment on the attempted murder convictions, and this cause is remanded to the circuit court for a new sentencing hearing in which all of the above factors are to be considered.

Reversed and remanded with directions.

McMORROW, P.J., and LINN, J., concur.