THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DWAYNE CURTIS *et al.*, Defendants-Appellants.

First District (4th Division)   Nos. 1—91—1200, 1—91—1213 cons.

Opinion filed March 31, 1993.

Rita A. Fry, Public Defender, of Chicago (James N. Perlman, Assistant Public Defender, of counsel), for appellant Dwayne Curtis.

Michael J. Pelletier and Barbara Kamm, both of State Appellate Defender's Office, of Chicago, for appellant Ricky Jennings.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Barbara Jones, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

This case comes before us again on appeal from the circuit court of Cook County, following our remand for resentencing. Defendants, Dwayne Curtis and Ricky Jennings, were originally tried and convicted by a jury before Judge Will E. Gierach. Judge Gierach later sentenced defendants to concurrent prison terms of 50 years for attempted murder, 50 years for armed violence, 10 years for three counts of aggravated battery, and 7 years for conspiracy. The facts underlying defendants' convictions are presented in this court's opin-

ion in *People v. Curtis* (1989), 190 Ill. App. 3d 207. A review of the procedural history necessary to an understanding of this case is as follows.

Following their convictions, defendants appealed to this court, which affirmed their sentences for attempted murder and conspiracy, vacated the convictions and sentences for armed violence, and vacated the extended-term sentences for aggravated battery and modified the sentences to five years. (*Curtis*, 190 Ill. App. 3d at 217.) Defendants then sought leave to appeal in the Illinois Supreme Court. The court denied defendants' petitions, but later allowed in part defendants' leave to file motions for reconsideration. Subsequently, the supreme court remanded the cause for our further consideration in light of *People v. Andrews* (1989), 132 Ill. 2d 451.

On remand, this court reversed defendants' extended-term sentences on attempted murder and remanded the cause to the trial court for resentencing. (*People v. Curtis* (1990), 207 Ill. App. 3d 628, 630.) After the resentencing hearing, Judge Gierach again sentenced defendants to 50-year extended-term sentences for attempted murder. Defendants now appeal their 50-year extended-term sentences.

We affirm as modified.

■ Following a conviction, a trial court may sentence a defendant to an extended prison term where the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(2).) In *People v. Andrews* (1989), 132 Ill. 2d 451, the Illinois Supreme Court reasoned that while some crimes are, by nature, inherently brutal and heinous to a degree, extended-term sentences are reserved only for offenses that are "exceptionally" brutal and heinous. (*Andrews*, 132 Ill. 2d at 466.) Further, the court reaffirmed the notion that section 5—8—2 " 'was not intended to convert every offense into an extraordinary offense subject to an extended-term sentence.' " *Andrews*, 132 Ill. 2d at 466, quoting *People v. Evans* (1981), 87 Ill. 2d 77, 88-89.

Whether an extended-term sentence is warranted depends upon consideration of the defendant's background and prior criminal history, remorse or lack thereof, and the facts and circumstances of the crime. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 501.) To properly determine whether an extended-term sentence is warranted, a trial court must consider all relevant factors. Where a trial court sentences a defendant to an extended term, although its sentencing decision is entitled to great deference, it will not be upheld where the sentence is excessive, *i.e.*, where the trial court abused its discretion. (*La Pointe*, 88 Ill. 2d at 492-93.) Our reconsideration of all relevant factors per-

suades us that defendants' 50-year extended-term sentences for attempted murder are excessive.

Both the State and the defendants cite to numerous cases in their briefs where a defendant's extended-term sentence was either upheld or reversed on appeal. Our review of those cases illustrates that where a defendant's extended-term sentence has been upheld the evidence showed that the defendant had some history of violent tendencies or criminal activities, and/or the defendant performed some affirmative act indicating a lack of remorse. See *People v. Waldron* (1991), 219 Ill. App. 3d 1017 (defendant's extended-term sentence upheld where he (1) committed murder in the commission of a forcible felony and armed robbery; (2) he had an extensive criminal history and lacked rehabilitative potential; and (3) he exhibited a callous attitude and complete lack of remorse after committing the crime); *People v. Nelson* (1991), 206 Ill. App. 3d 956, 966 (defendant's extended-term sentence was upheld where he (1) killed his unarmed 16-year-old stepson by shooting him in the face at close range, and (2) indicated his lack of remorse by asking the following question when confronted by police: "Is the sucker *** dead yet?"); *People v. Hernandez* (1990), 204 Ill. App. 3d 732, 734 (defendant's extended-term sentence was upheld where (1) he killed the victim by stabbing her 89 times in the heart, lungs, liver, and brain, and (2) his presentence report concluded he had an "apparent tendency to violence"); *People v. La Pointe* (1981), 88 Ill. 2d 482, 501 (defendant's extended-term sentence upheld where he (1) shot and killed an Elmhurst cab driver; (2) had a significant history of criminal activity; and (3) demonstrated his lack of remorse by both boasting that he committed the murder for the money and by wearing a tee shirt inscribed with "Elmhurst Executioner" while being held in the county jail).

■ In the present case, however, the State points to nothing which convinces us that the imposition of extended-term sentences was appropriate. First, neither defendant, both 19 years old at the time of arrest, had any history of violent criminal activity. Second, while the crime committed by these defendants was undeniably reprehensible because it involved a calculated attempt to injure a peace officer, the fact remains that after shooting the officer once, defendants abandoned any further attempt to injure him despite ample opportunity to do so. Furthermore, we find no sufficient evidence indicating that defendants lacked remorse for shooting the officer. The State points to no affirmative actions on the part of defendants, nor any other credible evidence, which demonstrated a complete lack of re-

morse. After reviewing all relevant factors, we believe the extended-term sentences imposed in the case at bar were excessive.

Supreme Court Rule 615(b)(4) provides that "[o]n appeal the reviewing court may reduce the punishment imposed by the trial court." (134 Ill. 2d R. 615(b)(4).) Pursuant to our authority under Supreme Court Rule 615(b)(4), we reduce defendants' extended-term sentences for attempted murder from 50 years' imprisonment to 25 years' imprisonment.

For the aforementioned reasons, we affirm defendants' convictions but reduce their extended-term sentences for attempted murder from 50 years' imprisonment to 25 years' imprisonment.

Affirmed as modified.

JIGANTI, P.J., and CAHILL, J., concur.